## DESERET IRR. CO. et al. v. COX, Judge.

No. 5824.   Decided July 8, 1936.   (59 P. [2d] 947.)

SEE DECISION ON REHEARING IN 92 UTAH 211, 66 P. (2d) 894, WITHDRAWING THIS DECISION.

*J. A. Melville*, of Salt Lake City, and *D. D. Crafts*, of Delta, for plaintiffs.

*Lewis Larson*, of Manti, for defendants.

MOFFAT, Justice.

This case is not a companion case, but involves the question just decided in the case of *Rocky Ford Canal Company* v. *Cox*, 92 Utah 148, 59 P. (2d) 935. This question arises

out of the fact that the Sevier river system is in the process of adjudication as referred to in the former opinion.

On August 22, 1935, one Jorgensen, as trustee for the Wellington Irrigation Company in the Richlands Irrigation Company suit, filed an application with the state engineer, No. A-1300, seeking a permanent change in the point of diversion and place of use from the lower to the upper zone of the river for certain water held by the Wellington Irrigation Company in which it is claimed certain water rights were agreed to and settled by stipulation of certain of the parties of the Richlands Irrigation Company suit. The state engineer gave the required notice of the pendency of the application. The application was protested. The state engineer approved the application conditioned upon the applicants making adjustment of the conflicting rights in the lower Sevier river system. The defendants Piute Reservoir & Irrigation Company and Jorgensen as trustee filed in the district court of Millard county in the Richlands Irrigation Company suit a petition praying for an order authorizing and directing the Sevier river commissioners to transfer from the Sevier Bridge Reservoir into the Piute Reservoir & Distribution System, for the season 1936, the water rights of the Wellington Irrigation Company.

Defendants there, plaintiffs here, filed a motion to dismiss, a general demurrer, and an answer, all challenging the jurisdiction of the court to entertain such petition. The court denied the motion, overruled the demurrer, and set the petition for hearing. The question raised by the pleadings was then brought by plaintiffs into this court by the granting of an alternative writ of prohibition. It will be seen that the same question is raised in this proceeding that was raised in the other proceeding, and the opinion therein is controlling in this case.

The alternative writ of prohibition heretofore issued is recalled and set aside and the application for a permanent writ of prohibition denied. Such is the order. Defendants to recover costs. This order shall become effective forthwith,

but plaintiffs are not precluded from filing petition for rehearing within the time allowed by the rules of this court.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, J., concur.

FOLLAND, Justice.

I concur in the order recalling the alternative writ of prohibition and denying the application for a permanent writ for the reasons stated by me in the case of *Rocky Ford Canal Company* v. *Cox*, 92 Utah 148, 59 P. (2d) 935.

WOLFE, Justice.

I dissent for the reasons stated in my dissenting opinion in the case of *Rocky Ford Canal Company* v. *Cox*, 92 Utah 148, 59 P. (2d) 935.